## No. 970.

### J. M. LAPEYRE vs. W. F. WEEKS ET AL., TESTAMENTARY EXECUTORS.

This is a suit to recover judgment for the amount of two drafts against the executors of Mary C. Moore and John Moore, who, in their life-time, were, the one the tutrix and the other the co-tutor of the minor, David Magill. The drafts were accepted, and plaintiff acquired them before due. The plea that defendants were bound as indorsers or sureties can not be sustained.

The defendants can not be regarded as indorsers of the drafts. In indorsing the drafts they omitted adding their capacity of *tutrix* and *co-tutor*, which was set forth as drawers. In this fiduciary capacity the drafts were not indorsed and completed by the drawers, unless this court should regard their signatures as given in that capacity.

Bills drawn by a fiduciary to his own order are not completed unless indorsed in the same capacity as drawn. This court regards the drafts as completed, and must therefore consider that defendants indorsed them in the same capacity in which they drew them.

The tutrix and co-tutor, administering the plantation of the minor, Magill, had the right to draw these drafts on the factors of the plantation of said minor. The drafts were predicated on the crops, which were not shipped to New Orleans, where the factors resided, on account of the war. The tutrix had authority of the court to borrow money on mortgage to carry on the plantation. If she could accomplish this object without the mortgage, she not only had the right, but it was her duty, to execute for the minor the less onerous obligation. There is nothing in the record to fix the liability of the drawers individually,

Lapeyre vs. Weeks.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train, J. A. Trudeau* and *E. Simon,* for plaintiff and appellee. *De-Blanc & Fournet, J. M. Moore,* and *Charles B. Singleton,* for defendants and appellants.

WYLY, J. This is a suit against the executors of Mary C. Moore and John Moore, who in their life-time were the tutrix and co-tutor of the minor, David Magill, to recover judgment for the amount of two drafts which said tutrix and co-tutor drew in March, 1862, on Darby & Tremoulet, of New Orleans, who were the factors of the plantation owned by said minor and cultivated by Mary C. Moore, tutrix. The drafts were accepted, and plaintiff acquired them before due. He seeks to hold Mary C. Moore and John Moore, or their successors, liable for these drafts which they drew in their fiduciary capacity on two grounds:

First—They are bound as indorsers or as sureties.

Second—They are bound because they had no authority to draw the drafts as tutrix and co-tutor.

No notice of dishonor was given to Mary C. Moore and John Moore; but plaintiff contends they were entitled to no notice.

We do not regard Mary C. Moore and John Moore as indorsers of the drafts. In indorsing the drafts they omitted adding their capacity of tutrix and co-tutor. The drafts were drawn to their own order by Mary C. Moore as tutrix and John Moore as co-tutor. In their fiduciary capacity the drafts were not indorsed and completed by the drawers, unless we regard the signatures of Mary C. Moore and John Moore as made in that capacity.

Bills drawn by a fiduciary to his own order are not completed unless indorsed in the same capacity as drawn. We regard these drafts as completed, and must, therefore, consider that Mary C. Moore and John Moore indorsed them in the same capacity in which they drew them.

Had this tutrix and co-tutor administering the plantation of the minor, David Magill, the right to draw these drafts on the factors of the plantation of the minor? The drafts were predicated on the crops of 1862, which were not shipped to New Orleans on account of the war.

We think the tutrix not only had the right, but it was her duty, to obtain supplies and conduct the plantation of the minor as a prudent man would do his own. She had authority of the court to borrow money on a mortgage to carry on the plantation. She was enabled to accomplish the object, however, without mortgaging the property of the minor by obtaining the discount of these drafts on the acceptance of the factors of the plantation. Where the court, on advice of a family meeting, authorized the tutrix to borrow money to support the slaves and carry on the plantation, and she found she could accomplish the object without mortgage, she not only had the right, but it was her duty, to execute for the minor the less onerous obligation.

. Mary C. Moore as tutrix, and John Moore as co-tutor, committed no fraud in drawing the drafts in question. The acceptance by the drawers admitted their authority to draw.· Besides, the evidence shows that these drafts were given at the request of the drawers. We find nothing to fix the liability of the drawers individually.

It is therefore ordered that the judgment herein in favor of plaintiff be annulled,· and that there be judgment for defendants, appellee paying costs of both courts.

Rehearing refused.